Reese, J.
delivered the opinion of the court.
The first plea, that defendant did not hold the land under the deed of conveyance, is clearly bad. Did he hold it at all? How was it held, and by whom was it held? See Nixon vs. Bumpass, 5 Yer. R. 16. The second plea, that he did not on the — day of 18 —, or at any time before or since, ascertain that the deed of conveyance held the land, is also clearly bad, not because there is a blank as to the date, because that blank existed in the averment of the declaration, but because he should have averred affirmatively, what he did ascertain, to wit: that the deed did not and could not hold or con-' vey a good title to the land, and why? See same authority. The third plea, that John Caldwell was entitled to but one fourth of the said four hundred acres of land, as heir at law of *423 Robert Caldwell, or otherwise, and that there were thréé other persons joint heirs of the said Robert with the said John Caldwell, who were entitled to, and do actually, by virtue of their right as aforesaid, hold, or have disposed of for their own use and benefit, three hundred acres of said four hundred acres of land, in exclusion of the defendant claiming under said deed — we think substantially good. The objection in argument here is, that the plea proposes to bar the whole action by matters that answer only a part of the declaration. We think this objection not well taken. The defendant was not bound to accept of one-fourth of the consideration for which his covenant to pay was executed, when excluded from the enjoyment of three-fourths of that -consideration. If in fact, he did enter upon, hold and enjoy by title, derived from plaintiff, one-fourth part cf the consideration, or land, if the plaintiff can avail himself of that circumstance in this action, he can file his replication to the plea.
The conclusion of this plea, which is a verification, i§ right. The fourth plea of non-assignment, which traverses an express averment of the declaration, properly concludes to the country. Tlie plea itself has been too long considered and received as proper, and is too well established in the practice of the profession and of our courts, to be now questioned, otherwise it might well be urged that without any special plea from the defendant, the assignment ought to beTproved, as well as averred by the plaintiff as a necessary ground, to show his right or title to institute and maintain the action in his own name. The result is, in our opinion, that the demurrer ought to have been overruled as to the third and fourth pleas. It is said, however, that at the instance of the defendant’s counsel, leave was granted to amend the pleading, and that the award of are-pleader at the instance of the defendant, is a waiver of the error, if any, in the judgment of the court upon the demurrer.
To this proposition, we cannot assent. No re-pleading in fact took place, and the question stands upon the original pleadings and the action of the court thereon. Again, it is said that justice has been done on the merits, and that in such case there is a statutory provision that leaves the case ?s set- *424 tied by the jury. We do not know, that justice has been done. We know, that the defence set up in the third and fourth picas, could not have been made on the issue of covenant performed before the jury.
Let the judgment be reversed, and the cause rema'nded to the circuit court'of Overton county, from whence it came, for a new trial.
Judgment reversed;